**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**William N. STEVENS,**
**Defendant–Appellant.**

**No. 87–3099.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1988.
Decided June 29, 1988.

Philip E. Pitzer (argued), Cincinnati, Ohio, for defendant-appellant.

Robert Brichler, Asst. U.S. Atty., Cincinnati, Ohio, William Hunt (argued), for plaintiff-appellee.

Before KEITH, WELLFORD and NELSON, Circuit Judges.

KEITH, Circuit Judge.

Appellant William N. Stevens appeals from an order entered by the district court denying his Motion for Findings of Fact pursuant to Fed.R.Crim.P. 32 and Modification of Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we AFFIRM the district court.

## I.

On August 20, 1985, appellant was among sixteen individuals named in a twenty-one count indictment. The essence of the allegations was contained in count one of the indictment which charged all of the defendants, including appellant, with conspiracy to possess, import and distribute cocaine and marijuana in violation of 21 U.S.C. § 846 and § 963. In connection with the overall scheme, appellant was also charged with two substantive counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952; two counts of importation of marijuana in violation of 21 U.S.C. § 963; and one count of associating in fact with a racketeering influenced and corrupt organization in violation of 18 U.S.C. § 1962(c). The indictment alleged that appellant participated in the importation of over 100,000 pounds of marijuana.

On November 26, 1985, appellant entered into a plea agreement. Appellant agreed to plead guilty to a two-count Superseding Information, charging him with one count of conspiracy to import and distribute marijuana, 21 U.S.C. § 846 and § 963, and one count of making a false statement on his 1982 income tax return, 26 U.S.C. § 7206(1). The appellee United States agreed to dismiss the indictment in exchange for his guilty plea. On November 20, 1985, appellant entered his intent to plead guilty and the matter was referred to the Probation Department for a Pre–Sentence Investigation Report ("PSI"). The PSI erroneously noted that appellant was involved in the transportation of marijuana *and* cocaine. In addition, appellant claims that the PSI improperly characterized the degree of his involvement in the conspiracy.

Approximately two weeks prior to sentencing, appellant examined the PSI, and then signed a statement verifying that he had reviewed the PSI. Appellant understood that the PSI would be the primary source used by the Federal Bureau of Prisons to determine the institution in which the sentence would be served, his classification within the facility, his ability to obtain furloughs and his eligibility for programs within the institution. Appellant was also aware that the PSI would be instrumental in calculating his parole release date.

On January 17, 1986, appellant appeared before the Honorable Carl Rubin for sentencing. During the sentencing hearing, no objection was made to the information contained in the PSI. Appellant was sentenced to five years in prison on the drug conspiracy offense and to six months for

tax fraud.[1]

On May 2, 1986, appellant filed a Motion for Reduction of Sentence pursuant to Fed. R.Crim.P. 35. In his motion, appellant did not mention the inaccurate information found in the PSI. Judge Rubin denied the motion on May 7, 1986.

On January 7, 1987, appellant filed a Motion for Findings of Fact pursuant to Fed.R.Crim.P. 32 and Modification of Sentence pursuant to 28 U.S.C. § 2255. Appellant averred that he was denied due process of law and his right to effective assistance of counsel when the court failed to inquire about the accuracy of the PSI, and when his attorney failed to bring the erroneous information in the PSI to the court's attention. Appellant further averred that he was denied equal protection of the law because several of his co-defendants who possessed greater culpability received lesser sentences. The district court denied the motion on January 22, 1987.

## II.

Appellant raises several arguments on appeal. He contends that the district court erred in denying his request for findings with respect to his claim that he was denied due process of law due to the district court's reliance on controverted matters in the PSI; erred in failing to hold an evidentiary hearing with regard to the erroneous information in the PSI; erred in denying his sixth amendment claim of ineffective assistance of counsel; and erred in failing to find an equal protection violation due to the alleged disparity between sentences re-

ceived by appellant and the other codefendants. We find that appellant's arguments have no merit.

### A.

Appellant's initial contention is that the district court erred in sentencing him by failing to comply with Fed.R.Crim.P. 32(c)(3)(D).[2] Appellant specifically contends that a finding concerning the accuracy of the alleged controverted material was not made by the court, and thus appellant was sentenced based on inaccurate information in violation of his due process rights. *See United States v. Rone*, 743 F.2d 1169 (7th Cir.1984).

We find this argument to be untenable. To invoke the court's power of review under Fed.R.Crim.P. 32(c)(3)(D), the defendant and counsel must, prior to sentencing, "allege any factual inaccuracy in the presentence investigation report." Fed.R. Crim.P. 32(c)(3)(D); *United States v. Edwards*, 800 F.2d 878, 881 (9th Cir.1986); *Rone*, 743 F.2d at 1175 (during the sentencing hearing, "[o]nce that allegation of factual inaccuracy ... [is] made, the requirements of Rule 32(c)(3)(D) [are] triggered, and the sentencing judge [is] obligated to make a finding as to the allegation or determine that the finding [is] not necessary because the controverted matter would not be relied upon in sentencing").[3] In this case, the court was not made aware that allegations of factual inaccuracies existed prior to sentencing. Thus, the court could not have violated Fed.R.Crim.P. 32(c)(3)(D).

---

1. Subsequent to his incarceration, appellant was ordered by the Parole Commission to continue his sentence to expiration. Prior to the Parole Commission's determination, however, a letter was sent to the Commission from Elue Ellis, a probation officer. The letter corrected the error in the PSI and stated that "William N. Stevens had no direct connection with the transportation of cocaine. William N. Stevens' role was to transport marijuana." Joint Appendix at 92.

2. Fed.R.Crim.P. 32(c)(3)(D) provides:
   (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or

part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

3. In *United States v. Aleman*, 832 F.2d 142, 143–44 (11th Cir.1987), the court noted that at sentencing, "[i]f the defense does not contest the PSI, the procedural mechanisms set out in Rule 32(c)(3)(D) never come into play."

Without explicitly mentioning Fed.R. Crim.P. 32(a)(1)(A), appellant also argues that he was denied due process because the court failed to directly ask him at the sentencing hearing (1) whether he had an opportunity to read the PSI, (2) whether he and his counsel had reviewed it together, and (3) whether he wished to challenge any facts in the PSI. *Rone*, 743 F.2d at 1175.

Convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information. *Rone*, 743 F.2d at 1171 (citations omitted). A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence. *Id.*, (citing *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977)); *Edwards*, 800 F.2d at 880. We hold that the court did indeed err in failing to determine that the defendant and his counsel had the opportunity to read and discuss the presentence investigation report; however, this error did not rise to the level of a due process violation because the record suggests that the court did not rely on the false information in passing sentence.

Fed.R.Crim.P. 32(a)(1)(A) provides:

(1) *Imposition of Sentence.* Sentence shall be imposed without unnecessary delay, but the court may, upon a motion that is jointly filed by the defendant and by the attorney for the Government and that asserts a factor important to the sentencing determination is not capable of being resolved at that time, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved. Prior to the sentencing hearing, the court shall provide the counsel for the defendant and the attorney for the Government with notice of the probation officer's determination, pursuant to the provisions of subdivision (c)(2)(B), of the sentencing classifications

and sentencing guideline range believed to be applicable to the case. At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence. Before imposing sentence, the court shall also—

(A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);

The Notes of the House Committee on the Judiciary state that the 1983 amendment to Rule (a)(1) was designed to permit disclosure of the PSI to *both* defendant *and* his counsel, and "to impose upon the sentencing court the additional obligation of determining that the defendant and his counsel have had the opportunity to read the presentence investigation report or summary thereof." *See* House Judiciary Committee Notes, H.R.Rep. No. 94–247, U.S.Code Cong. & Admin.News 1975, p. 674, *reprinted in* 1987 Federal Criminal Codes and Rules 108. Thus, the legislative history of Fed.R.Crim.P. 32(a)(1)(A) is clear that the court must make this determination.

Appellant urges that we adopt the test as set out in *Rone*, which requires the sentencing court to ask defendant: 1) whether he has had the opportunity to read the PSI; 2) whether defendant and counsel have discussed the PSI; and 3) whether defendant wishes to challenge any facts in the PSI. *Rone*, 743 F.2d at 1175. We do not believe that Fed.R.Crim.P. 32 requires the sentencing court to affirmatively ask the above questions. We thus adhere to the holding of *United States v. Mays*, 798 F.2d 78 (3rd Cir.1986), that the court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss the PSI.[4] *Accord United States v.*

---

4. In *Mays,* the Third Circuit found that the sentencing court had determined that appellant and

*Sambino,* 799 F.2d 16, 17 (2d Cir.1985); *Aleman,* 832 F.2d at 144.

The record reveals that the appellant was afforded an opportunity to read the PSI prior to the sentencing hearing. The court made this determination because appellant signed a statement verifying that he had read the PSI. However, nowhere in the record does it show that the court somehow made a determination concerning whether counsel had the opportunity to read and discuss the PSI with appellant.[5] At the sentencing hearing, the only reference to the PSI by counsel was in response to the court's question as to whether counsel wished to speak on appellant's behalf. Counsel responded, "First of all, the Court, by reviewing the P.S.I., has the understanding of his involvement and the extent of that involvement." Joint Appendix at 69. The court could not have inferred from counsel's statement that counsel had the opportunity to read and discuss the PSI with appellant. Thus, we find that the court erred in failing to make this determination; this error, however, did not rise to the level of a constitutional due process violation.

Appellant argues that his right to due process was violated because he was sentenced on the basis of inaccurate information. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The record shows, however, that the court did not rely on the erroneous information in passing sentence. The PSI refers to appellant's involvement in trafficking cocaine in one sentence; the remainder of the PSI concerns his involvement in marijuana. The sentencing judge understood that appellant was pleading only to conspiracy to import and distribute marijuana. Appellant's role in the conspiracy was explained in the PSI and by a government agent at the sentencing hearing as that of being a driver of truckloads of marijuana, not cocaine. No objection was made to this characterization of appellant's activity.[6] Furthermore, before sentencing appellant, the court admonished him by stating, "[a]nd the only comment that I can make is if there are those who are enchanted by the huge profits that can be made from trafficking in *marijuana,* the other side of the coin is that it is an illegal act and they will be treated accordingly." Joint Appendix at 70 (emphasis added).

Appellant's argument that he has been prejudiced by the erroneous information in the PSI in his efforts to obtain parole is unfounded. The record shows that prior to the Parole Commission's determination, a letter was sent to the Commission which corrected the erroneous statement in the PSI. Also, at oral argument, appellant conceded that he has not taken advantage of administrative channels which are available to rectify his parole severity rating.[7] Thus, we find that appellant suffered no prejudice and was not deprived of his rights under the due process clause.[8]

---

counsel had the opportunity to read and discuss the PSI when, at the sentencing hearing, counsel stated:
> As I read the presentence report *with the Defendant,* Your Honor, it accurately reflects what the Government says. It accurately reflects that [sic] the Defendant still says.

*Mays,* 798 F.2d at 80 (emphasis in original).

**5.** It is significant that counsel did not sign the document verifying that he had read the PSI.

**6.** At the sentencing hearing, the agent stated that appellant's role "was to drive tractor trailer rigs loaded with thousands of pounds of marijuana from the site of importation to Dayton, Ohio," and from Ohio to Louisiana. Joint Appendix at 66.

**7.** We note that in the motion for reduction of sentence brought pursuant to Fed.R.Crim.P. 35,

appellant did not allege any factual inaccuracies in the PSI. Thus, the record contains no evidence to dispute the statements by the government concerning appellant's role in the conspiracy. *United States v. Rone,* 743 F.2d at 1176 (Eschback, J., dissenting) (had defendant presented allegations to sentencing court in the first instance under Fed.R.Crim.P. 35, "we would be able to review his claims on the basis of more than speculation").

**8.** Appellant also claims that he was denied his rights to due process of law and equal protection when the court failed to hold an evidentiary hearing on his claims of factual discrepancies in the PSI. We disagree. Due process does not require an evidentiary hearing on all challenged information in the pre-sentence report. *United States v. Petitto,* 767 F.2d 607, 611 (9th Cir.1985) (citation omitted). "Although a defendant who

## B.

█ Appellant next argues that he was denied the effective assistance of counsel in violation of the sixth amendment. Appellant specifically argues that his attorney was deficient in failing to bring to the court's attention the factual inaccuracies contained in the PSI. We disagree.

The issue of ineffective assistance of counsel was addressed by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It was held that in order for a claim of ineffective assistance of counsel to succeed, the defendant must establish the following:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Although the court in *Rone* did not specifically address the issue concerning ineffective assistance of counsel, it did note in dicta the following:

We note that if the defense counsel was given an adequate opportunity to review the report but did not contest the re-

port's apparent inaccuracies, his performance might appear to fall below the minimum standards of professional competence.... The Supreme Court in *Strickland v. Washington,* [466] U.S. [668], 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), recently articulated the analysis to be applied to determine effective assistance of counsel. Judged under that standard, appellant's allegations seem to support a belief that defense counsel's apparent incompetence affected the outcome of the present case. These allegations might thus seem to warrant at least a remand for a hearing on the issue whether appellant's Sixth Amendment right to effective assistance of counsel has been violated.

*Rone,* 743 F.2d at 1173 n. 2. We agree with the Seventh Circuit's reasoning and find that appellant's counsel did commit error by failing to apprise the court of the alleged inaccuracies in the PSI; this error, however, was harmless because counsel's performance did not prejudice the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

As mentioned *supra,* p. 144, the record reflects that the court did not rely on inaccurate information in sentencing appellant. The PSI, with the exception of one sentence, concerns appellant's involvement in trafficking marijuana. Appellant's role in the conspiracy was explained at the sentencing hearing as being a driver of truck loads of marijuana, not cocaine. Appellant did not object to this characterization of his role in the illegal scheme. Furthermore, prior to sentencing, appellant was admonished by the sentencing judge concerning the consequences of trafficking in *marijuana.* Finally, appellant was not preju-

---

contests the accuracy of PSI material on which the court relies in imposing sentence must be given a chance to explain or rebut this information, the procedure for rebuttal lies within the sound discretion of the sentencing judge, and ... will not be overturned in the absence of plain error or an abuse of that discretion." *United States v. Papajohn,* 701 F.2d 760, 763 (8th Cir.1983) (quoting *Orner v. United States,* 578 F.2d 1276, 1279 (8th Cir.1978) (citations omitted)). We find that the sentencing judge did not abuse his discretion in this matter. Appellant

and his counsel were afforded adequate opportunity to comment on the report at the sentencing hearing. *See Petitto,* 767 F.2d at 611 (citing *United States v. Robin,* 545 F.2d 775 (2nd Cir. 1976) (at court's discretion, "opportunity to rebut could be granted by allowing defendant and his counsel to comment on the report, *or* to submit affidavits or other documents, *or,* by holding an evidentiary hearing")). Also, we note that appellant was not prejudiced by the controverted information in the report.

diced in his attempt to establish parole because a letter was sent to the Parole Commission explaining that appellant was not involved in the importation and distribution of cocaine. Thus, appellant was not deprived of his right to effective assistance of counsel.[9]

Accordingly, for the reasons set forth in this opinion, we AFFIRM the district court's denial of appellant's motion for findings of fact and modification of sentence.[10]

---

**9.** Appellant also argues that he was denied the effective assistance of counsel during the plea negotiations because: 1) counsel failed to adequately explain the consequences of the plea to him; and 2) counsel failed to explain the significance of the PSI to him. We find these arguments to be without merit.

**10.** Appellant argues that he was denied equal protection of the laws due to the disparity in sentencing between him and the other co-defendants. A review of the record reveals that there is not evidence to support this claim. Thus, appellant's argument has no merit.