900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Douglas HAMP, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5973.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before KEITH and MILBURN, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Jimmie Douglas Hamp pleaded guilty to bank robbery by use of force, violence and firearms in violation of 18 U.S.C. Secs. 2113(a), (d) and 2. He was sentenced to a term of twenty years imprisonment and assessed a one hundred dollar fine.
 
 
 3
 In support of his motion to vacate, set aside or correct sentence, Hamp claimed ineffective assistance of counsel. He alleged that appointed trial counsel failed to interview witnesses, pursue a defense based on mitigating circumstances, present any motions on his behalf or provide adequate time prior to sentencing for the review of the presentence investigation report.
 
 
 4
 Upon review we conclude that the motion was properly denied. To establish his claim, Hamp must demonstrate a deficiency in counsel's performance and a reasonable probability that but for the deficiency the outcome would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Lockett v. Arn, 740 F.2d 407 (6th Cir.1984).
 
 
 5
 Hamp alleged that he sought a jury trial, not on the issue of guilt or innocence, but to present evidence of mitigating circumstances, i.e. personal hardships. Counsel advised Hamp to enter a guilty plea and accept a twenty year sentence because trial could result in a maximum twenty-five year sentence. Hamp claimed that this advice amounts to ineffective assistance. On review of a claim of ineffective assistance of counsel, deference must be given to the attorney. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 108 S.Ct. 1998 (1988). Considering the totality of the circumstances, the advice of counsel was reasonable. See Strickland, 466 U.S. at 681.
 
 
 6
 Second, Hamp failed to show that counsel's conduct in regards to the presentence report was deficient or resulted in any prejudice to him. See United States v. Stevens, 851 F.2d 140, 145 (6th Cir.1987). Hamp acknowledged that he examined the report, that he voiced his objections, and that the trial court at sentencing specifically stated that it would not rely on any information challenged by Hamp. See Fed.R.Crim.P. 32(c)(3)(D). Additionally, although Hamp was provided the opportunity to make his own statement, he did not refer to the alleged hardships.
 
 
 7
 Hamp's allegation that counsel failed to present any motions on his behalf does not establish ineffective assistance. Defendant failed to specify the kind of relief he sought or what type of motions should have been filed.
 
 
 8
 Finally, Hamp's claims of ineffective assistance lack merit because the evidence of guilt was overwhelming. See United States v. Baver, 787 F.2d 1022, 1030 (6th Cir.1985). Even if he had succeeded in showing deficient performance, he can not show that the outcome would have been different. See Strickland, 466 U.S. at 693.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.