925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Gene MAPLES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5792.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Billy Gene Maples, a pro se federal prisoner, appeals the district court's denial of his motion for factual findings filed pursuant to Fed.R.Crim.P. 32 and for modification of sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Maples was convicted by a jury of various narcotics offenses. He was sentenced to thirteen years imprisonment, followed by a five year term of supervised release. His conviction was affirmed on direct appeal. United States v. Maples, Case No. 88-5007 (6th Cir. September 2, 1988) (per curiam). Thereafter, Maples, who was represented by counsel, filed the instant motion alleging: 1) his presentence investigation report (PSI) contained erroneous information; 2) counsel was ineffective for not objecting to the erroneous information in the PSI; 3) the Parole Commission improperly concluded that his sentence was non-parolable; and 4) his sentence was disproportionally harsh when compared to similar offenders.
 
 
 3
 The district court denied the motion, finding that Maples never identified which statements in the PSI were allegedly erroneous, nor did Maples show the statements were false and that the court had relied upon them. The court also found that review of the Parole Commission's decision must be brought in the district of confinement; that counsel was not ineffective; and that the court did not abuse its discretion in imposing the thirteen year sentence. The court did however vacate the term of supervised release and instead imposed a five year special parole term.
 
 
 4
 On appeal, Maples is proceeding pro se, and he argues that the PSI was erroneous inasmuch as it characterized him as a cocaine supplier. He also requests the appointment of counsel.
 
 
 5
 Upon review, we shall affirm the district court's judgment for the reasons stated in the court's opinion dated April 27, 1990. Maples has not demonstrated that the information regarding his being a cocaine supplier was false. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.