974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George C. BERKAW, Defendant-Appellant.
 No. 91-1864.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 In this pre-guidelines sentencing case, defendant, George Carl Berkaw, claims that the district judge's decision to sentence him to the statutory maximum was based on inaccurate information provided by the prosecutor and on the court's own unsubstantiated conclusion that Berkaw might be a "sociopath." Finding no error, we affirm the sentence.
 
 I.
 
 2
 Pursuant to an oral plea agreement, Berkaw, indicted on 27 counts of mail fraud for cheating investors in a real estate scam, pleaded guilty to one count and was sentenced to the five-year statutory maximum. 18 U.S.C. § 1341. In our review of a sentence imposed within the statutory limits, we examine only whether the court relied on "erroneous or improper factors or information ... so as to amount to a gross abuse of discretion." United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982).[1] See also United States v. Miller, 870 F.2d 1067, 1073 (6th Cir.1989).
 
 
 3
 Berkaw's claim that the judge considered an inaccurate statement by the prosecutor centers on an observation made by the magistrate who had ruled on Berkaw's motion for bond reduction. A transcript of that hearing indicates that the magistrate stated that although Berkaw's case "does not fit the pattern that I've seen of someone trying to flee the authorities," it "clearly indicates ... someone trying to flee their problems." The magistrate concluded that the risk of flight was great enough to render a personal recognizance or unsecured bond inadvisable, although he reduced the bond from $500,000 to $100,000.
 
 
 4
 In a letter submitted to the probation department prior to sentencing, Berkaw wrote that the magistrate had stated that "he knows I was running from my problems but that I was definitely not running from the law." At the sentencing hearing, the prosecutor objected to this passage, saying he did not "recall any such statement" by the magistrate. The prosecutor further suggested that "if that was the [magistrate's] reasoning, I doubt if he would have placed a $100,000 bond on Mr. Berkaw and in addition required a surety of his sister in law."[2] The prosecutor went on to explain that it was unclear "whom he was running from," but that due to Berkaw's numerous mailing addresses and use of drop boxes, it had been difficult for the authorities to track him down.
 
 
 5
 Berkaw did not object to the prosecutor's allegedly inaccurate statements at sentencing but claims on appeal that they made it appear as if Berkaw were a liar. According to Berkaw, the judge "may well have relied on [this] inaccurate information," thus violating his due process right to sentencing based on accurate information.
 
 
 6
 Even if we were to agree that the prosecutor's statements were "inaccurate," Berkaw fails to demonstrate that the judge did in fact rely on this information in deciding to impose the statutory maximum. The judge never alluded to Berkaw's "running" away--from the law, his problems, or anything else[3]--when condemning Berkaw's "confidence man" attitude and conduct. In United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988), we held that a defendant raising a claim such as Berkaw's "must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." Berkaw's conjecture that the judge "may well have relied" on the prosecutor's statements, and his emphasis on the fact that "[t]he record fails to show that the court did not rely" on them, reveals the insufficiency of his argument under the Stevens test. Alternatively, we note that the judge was already convinced that Berkaw was not a truth teller, calling his story "incredible" and disbelieving Berkaw's assurances that he would repay all the investors and other creditors.
 
 
 7
 We therefore decline to remand for resentencing on this basis.
 
 II.
 
 8
 We also reject Berkaw's other challenge to his sentence. He argues that the sentencing decision was based, in part, "on the Court's unsupported conclusion that Defendant may be a 'sociopath.' " It was an abuse of discretion for the court to rely on the "sociopath" conclusion, Berkaw argues, without first referring him for a psychiatric evaluation.
 
 
 9
 The record reveals that the judge did indeed use this term but only as a way to express incredulity at Berkaw's apparently unshaken belief that he had caused no harm during his extensive record of conning investors and others. The judge invoked the term again to chastise Berkaw for his disturbing and repeated attempt to "sell" the judge, too, with an "affected" demeanor and "inappropriate smiles" during the hearing. The judge then stated: "But I am not a doctor, and I can't make that diagnosis."
 
 
 10
 On this record, it is evident that the judge simply used the term to denote Berkaw's distressing conduct and attitude, and we find no "gross abuse of discretion" in his apparent consideration of these factors at sentencing. The judge enjoyed "wide discretion in determining what sentence to impose," and the type of information he could consider was "largely unlimited." United States v. Tucker, 404 U.S. 443, 446 (1972).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The other exception to the general rule barring review of such sentences for challenges to a court's alleged "failure to evaluate the sentencing information submitted, or total failure to exercise discretion," is not applicable here. Barbara, 683 F.2d at 166
 
 
 [2]
 A copy of the transcript of the bond reduction hearing apparently was unavailable at sentencing
 
 
 [3]
 After sentencing Berkaw to five years' imprisonment, the judge, finding that Berkaw posed a risk of flight and ordering his immediate commitment to the custody of the Attorney General, stated, among other things, that Berkaw had "left a trail of false addresses, false identifications, all across this country for one purpose, and that was to keep the creditors from finding out who he was." This statement makes it clear that the judge, like the magistrate, did not believe that Berkaw had been trying to evade the authorities