979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mounir AWAD, Defendant-Appellant.
 No. 91-1487.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1992.
 
 Before SILER, BATCHELDER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pro se defendant, Mounir Awad (Awad/defendant), appealed his conviction and sentence for conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. Awad and four co-defendants were indicted in May of 1990 for conspiring with intent to defraud, to pass, attempt to pass, bring into the United States, keep in possession, and conceal counterfeit obligations of the United States from January 24, 1989 through June 30, 1989.
 
 
 2
 Awad retained counsel to represent him at oral argument in the instant appeal. Defense counsel charged that the defendant was denied effective assistance of counsel when his trial counsel failed to object to testimony that defendant planned to obtain counterfeit money to purchase drugs and that he attempted to have a witness beaten. Moreover, defense counsel argued that trial counsel committed plain error when he failed to object to the presentence report.
 
 
 3
 As a general rule, a defendant may not assert ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). The customary procedure followed by various circuits is to permit the defendant to assert his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255. Id. However, when the record is adequate to assess the merits of the defendant's allegations, as in the instant action, this court has considered them. Id.
 
 
 4
 Under the Sixth Amendment, a criminal defendant is entitled to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to prove that he was denied constitutionally mandated assistance, a defendant must first prove that his counsel's performance was somehow deficient, and next prove that the alleged deficiency prejudiced the outcome of the adversary proceeding. Id. at 687, 104 S.Ct. at 2064. In order to prove that the defendant was prejudiced, it must be proven that there is a reasonable probability that but for the counsel's errors, the result of the proceedings would have been different. Id. at 694. A defendant has failed to prove sufficient prejudice under the Strickland test when he has had a full and fair opportunity to present his version of the facts to the jury, and the jury has chosen not to believe the defendant's version. Chandler v. Jones, 813 F.2d 773, 781-82 (6th Cir.1987).
 
 
 5
 Defense counsel argued that trial counsel erred when he failed to object at trial to testimony that the defendant planned to obtain counterfeit money to purchase drugs and that he attempted to have a witness beaten. Pursuant to Federal Rule of Evidence 404(b), the admission of evidence of other bad acts is permitted when probative of motive, opportunity, intent, preparation, plan, knowledge, or consciousness of guilt. In the instant action, the testimony concerning the proposed drug buy was admissible under Rule 404(b) as probative of Awad's plan or motive to import the counterfeit money. United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988) (per curiam), cert. denied, 490 U.S. 1005 (1989). Moreover, this testimony was not unduly prejudicial because the witness testified that the drug transaction never materialized. Second, the evidence that the defendant attempted to have co-conspirator Souhal Halloun (Halloun) beaten was probative of consciousness of guilt and was not unduly prejudicial as to outweigh its probative value. United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.1986).
 
 
 6
 The assertion that trial counsel was ineffective because he failed to assert any objections to the presentence report is equally without merit. The record disclosed that the defendant acted as organizer of the conspiracy, i.e., he directed co-conspirators to locate a source for counterfeit money in Israel, to smuggle the currency into the United States, to pass the counterfeit bills in the United States, and advised them that he would hire an attorney to represent them if they were ever caught passing counterfeit currency as long as they "kept their mouths shut." Further, the two-level enhancement for obstruction of justice was properly imposed since the record revealed that defendant attempted to have co-conspirator Halloun beaten in order to discourage him from exposing the defendant to the police.
 
 
 7
 The defendant also assigned as error the sentencing court's failure to give him the opportunity to review the presentence report prior to sentencing and the adjustment upward of the offense level for leading and organizing the crime when the requisite number of "culpable individuals" were not involved in the conspiracy. Neither of these assignments of error has merit. First, the defendant failed to object to either of these matters at the time of sentencing and has therefore waived any right to assert them on appeal. United States v. French, 974 F.2d 687 (6th Cir.1992). And even if he had not waived his appeal rights, the record reflects that, although the sentencing judge did not make specific inquiry of the defendant regarding his having read the presentence report, the judge did not rely on any false information contained in the report in arriving at the sentence which he imposed. United States v. Stevens, 851 F.2d 140, 144 (6th Cir.1988). Therefore, any procedural error regarding the opportunity of the defendant to review the report was harmless. Id. Furthermore, the offense level determination was not clearly erroneous since the testimony at trial was sufficient to demonstrate the requisite level of participation of the other conspirators for purposes of the Guidelines. United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Defendant's remaining assignments of error are equally without merit.
 
 
 8
 After reviewing the briefs, counsels' arguments, and the record in its entirety, the disposition of the district court is hereby AFFIRMED.