25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Elery MCQUEEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3394.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: BOGGS and SILER, Circuit Judges; and TIMBERS,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Elery McQueen appeals the district court judgment dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. He claims ineffective assistance of trial and appellate counsel. For reasons stated herein, we AFFIRM.
 
 BACKGROUND
 
 2
 On May 9, 1990, a cooperating individual purchased one-half ounce of crack cocaine from a person, not McQueen, at a four-bedroom residence at 4288 East 114th Street in Cleveland, Ohio, for $600.00. Later that day, while no one was there, law enforcement agents executed a search warrant on the residence and seized contraband from two of the bedrooms.
 
 
 3
 From one bedroom, police seized approximately 28.3 grams of crack cocaine; a .38 caliber revolver, which was underneath a set of bunk beds; a digital weight scale; plastic bags; and $4,040.00. In addition, the agents found a pair of denim jeans; an envelope with entries, specifying monetary and drug amounts; numerous documents, including mail, receipts, and identification cards bearing McQueen's name; and a photograph of McQueen and a second male, holding a handgun believed to be the .38 caliber revolver.
 
 
 4
 In another bedroom the agents seized: (1) $18,000.00 from the top of a locked safe inside the closet, $530.00 of which matched the government's funds used to purchase the crack cocaine that day; and (2) $30,000.00, 32 small bags of crack cocaine, and a bag containing other small plastic bags from inside the safe. In addition, the agents found other receipts bearing McQueen's name.
 
 
 5
 McQueen was convicted of possession with intent to distribute cocaine base and using of a firearm in relation to a drug trafficking offense. He was sentenced to serve consecutive terms of 210 months and 60 months, followed by supervised release. The conviction and sentence were affirmed on appeal.
 
 DISCUSSION
 
 6
 In his motion to vacate sentence, McQueen claimed that he received ineffective assistance of trial and appellate counsel. He alleged that trial counsel erred by not challenging the search warrant in a motion to suppress; by stipulating that the address searched pursuant to the warrant was McQueen's residence; and by failing to appear at the sentencing hearing or to move for a downward departure from the sentencing guidelines. He also complained that counsel failed to object to the allegation that the drug involved in the offense was cocaine base rather than cocaine. He alleged that appellate counsel, who was present at sentencing, did not have adequate time to review the presentence report, and that appellate counsel was ineffective for failing to raise these issues on direct appeal.
 
 
 7
 The matter was referred to a magistrate judge who determined, in part, that the record had been adequate to permit review of appellant's claims on direct appeal and that the failure to raise his claims at that time barred review under 28 U.S.C. Sec. 2255. The magistrate judge further determined that the allegations of ineffective assistance of counsel, when reviewed on the merits, were not supported by the record. The magistrate judge recommended that the petition be dismissed. Upon de novo review in light of appellant's objections, the district court adopted the magistrate judge's recommendation. The motion to vacate was dismissed.
 
 
 8
 On appeal, McQueen reasserts that he was denied effective assistance of counsel. He also argues that the district court erred by failing to conduct an evidentiary hearing on the motion to vacate.
 
 
 9
 McQueen has not shown a fundamental defect in the proceedings that would result in a complete miscarriage of justice or an error so egregious that it would amount to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Additionally, an evidentiary hearing was not required because the record conclusively shows that appellant was not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 10
 Moreover, as noted by the district court, McQueen was not entitled to review under Sec. 2255 of claims that could have been brought on direct appeal unless he had shown cause for and actual prejudice from his failure to do so. United States v. Frady, 456 U.S. 152, 167-69 (1982). To the extent the record was adequate to review the ineffective assistance claims on appeal, McQueen is unable to meet this standard.
 
 
 11
 To succeed on a claim of ineffective assistance of counsel, a party must show that counsel's performance was deficient and the deficient performance rendered the trial fundamentally unfair and unreliable. See Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993). McQueen has not met this standard.
 
 
 12
 Counsel's failure to challenge the search warrant on the grounds that the affidavit for the warrant contained a single inaccuracy, that McQueen had been previously arrested on drug-related charges, was not prejudicial. McQueen cannot overcome the presumption of validity of the search warrant, unless he can challenge the sufficiency of that warrant if the disputed information were disregarded. Franks v. Delaware, 438 U.S. 154, 171-72 (1978). As he did not make such a challenge, he is unable to show prejudice resulting from counsel's failure to attack the validity of the search warrant.
 
 
 13
 Counsel's decision not to challenge the allegation that the address named in the search warrant was McQueen's residence was not prejudicial. His guilt was not based on the allegation that he resided where the drugs, money, scales and firearm were found. Instead, his involvement was proven by evidence that his clothing, correspondence, and receipts in his name were found in the same small room as the contraband.
 
 
 14
 His allegation that trial counsel failed to appear at the sentencing hearing is insufficient to establish prejudice. The attorney who was retained to represent McQueen on appeal was present at the hearing and entered an appearance on his behalf. Moreover, the claim that counsel had inadequate time to review the presentence report, presumably for the purpose of noting inaccuracies and preparing objections, does not provide a basis for relief. Where defense counsel's failure to object to inaccuracies in the presentence report underlies an allegation of ineffective assistance, McQueen must prove that the sentencing court relied on inaccuracies in the report in order to demonstrate actual prejudice. United States v. Stevens, 851 F.2d 140, 145 (6th Cir.1988). There is no allegation of inaccuracies in the presentence report.
 
 
 15
 The assertion that counsel failed to move for a downward departure is similarly without merit. McQueen argued that the penalty resulting from his prosecution under federal rather than state laws violates equal protection. Even if presented in a motion for downward departure, this argument would have been unavailing. Unless an improper motive is shown, a decision to prosecute under federal rather than state law does not violate the Constitution, United States v. Allen, 954 F.2d 1160, 1165-66 (6th Cir.1992), and no improper motive was alleged.
 
 
 16
 Next, he complained that counsel did not object to the charge that the drug involved in the offense was cocaine base rather than cocaine. His complaint is apparently derived from this concern that offenses involving cocaine base carry more serious penalties than offenses involving cocaine. He offered nothing to suggest that the substance involved was anything other than cocaine base. Moreover, as noted above, the evidence was sufficient to support the conviction for the offense as charged.
 
 
 17
 Lastly, the claim that appellate counsel rendered ineffective assistance lacks merit. For the reasons noted, the alleged failure of appellate counsel to present the preceding claims did not result in prejudice to McQueen.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation