42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Edward BOX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5947.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 1
 Before: KEITH, NELSON and LAY,* Circuit Judges.
 
 ORDER
 
 2
 James Edward Box, a pro se federal prisoner, appeals a district court order overruling his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Box in February 1990 of conspiracy to manufacture methamphetamine, possession of 150 gallons of phenylacetone with intent to manufacture amphetamine and methamphetamine, and possession of methamphetamine with intent to distribute. He was sentenced on August 6, 1990, to a total of 26 years in prison followed by a 5-year special parole term. A panel of this court affirmed Box's conviction on appeal. United States v. Blakeney, 942 F.2d 1001 (6th Cir.1991), cert. denied, 112 S.Ct. 881 (1992).
 
 
 4
 In his motion to vacate, Box requested the district court to clarify and remove "certain elements of innuendo and unsubstantiated facts adhered to in [his] Pre-Sentencing Report." Specifically, Box objected to the use of three alleged prior criminal acts for which he was either never prosecuted or was acquitted, hearsay statements regarding his alleged involvement in a marijuana conspiracy and association with the Hell's Angels Motorcycle Club, and an unverified photo surveillance of his place of business. Box argued that the district court never questioned him directly regarding these alleged inaccuracies, thereby violating Fed.R.Crim.P. 32(c)(3)(D).
 
 
 5
 A magistrate judge issued proposed findings of fact and a recommendation to deny the motion in a report filed on March 17, 1994. The magistrate judge noted that Box's motion could probably be dismissed on the basis that he had established neither cause for not raising this Rule 32 issue in his direct appeal nor any resultant prejudice. Regardless, the magistrate judge also examined the merits of Box's motion and found the motion meritless. Box filed timely objections, but the district court, after a de novo review, adopted the magistrate judge's report and recommendation and overruled Box's motion to vacate.
 
 
 6
 On appeal, Box argues that: (1) his failure to raise the inaccuracies in the report of his presentence investigation (PSI) on direct appeal does not bar consideration of his Sec. 2255 motion, and (2) the district court did not question him directly in violation of Rule 32(c)(3)(D). Box requests oral argument.
 
 
 7
 Upon review, we deny oral argument and affirm the district court's order.
 
 
 8
 The magistrate judge correctly concluded that Box was barred from raising his Rule 32 issue in a motion to vacate absent a showing of cause and prejudice. Non-constitutional claims that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion as such a motion will not do service for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Box's reliance on Kaufman v. United States, 394 U.S. 217 (1969), is misplaced; unlike the allegedly illegal search and seizure at issue in Kaufman, an alleged violation of Rule 32 is not a constitutional issue. Moreover, the Supreme Court has set a stricter standard of review for alleged errors raised only in a motion to vacate, and an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to even have the issue considered on the merits, the movant must show cause for his failure to bring the issue on direct appeal and actual prejudice. Id. at 167-68. Box failed to take advantage of two earlier opportunities to bring his sentencing issue--on direct appeal and through a timely Rule 35 motion--and has not attempted to establish cause and prejudice for his failure to do so. Thus, he is not entitled to consideration of his ground for relief on its merits.
 
 
 9
 Nonetheless, the district court, in adopting the magistrate judge's report, addressed the merits of Box's Rule 32 issue and did not err in finding that it did not warrant relief. Contrary to Box's belief, this circuit does not require strict adherence to Rule 32(c)(3)(D), but merely dictates that a district court somehow determine that defendant and counsel have had an opportunity to read and discuss the PSI. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988). When this standard is applied to the instant case, it is clear that the district court substantially satisfied the requirements of Rule 32 and that Box's claim has no merit. See United States v. Schultz, 855 F.2d 1217, 1225 (6th Cir.1988).
 
 
 10
 Accordingly, the request for oral argument is denied. The district court's order, entered on May 23, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation