52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Warren WATTS, also known as Waver Watson, Defendant-Appellant.
 No. 94-3629.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Warren Watts has taken a direct appeal from his criminal conviction and counsel for Watts moves to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Warren D. Watts pleaded guilty to four counts of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Watts to an aggregate sixty month term of imprisonment with a three year term of supervised release. This appeal followed.
 
 
 3
 Counsel for Watts filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Watts has responded with a motion to expedite the appeal and with a pro se brief.
 
 
 4
 In 1993, Watts was named in a thirteen-count indictment in connection with multiple purchases of firearms in and around Cleveland, Ohio. The indictment consisted of eight counts of felon in possession of a firearm (18 U.S.C. Sec. 922(g)(1)) and five counts of filing false statements in the acquisition of firearms (18 U.S.C. Sec. 922(a)(6)). The government also filed notice that it would be seeking an enhanced sentence pursuant to the terms of the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(c).
 
 
 5
 The defendant, represented by attorney David Grant, thereafter entered into a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C). The agreement contemplated Watts pleading guilty to four of the thirteen counts and receiving a total of sixty months imprisonment. The government, in turn, agreed to dismiss the remaining counts and to forbear from seeking an ACCA enhancement. The district court subsequently accepted the plea and sentenced Watts according to the terms of the agreement.
 
 
 6
 Counsel for Watts notes that the only ground for appeal occurring to him is the constitutionality of the plea. Watts sets forth three distinct grounds for appeal in his pro se pleading. The record and law support the finding that the plea is constitutional and that Watts's claims are either meritless or not cognizable in this forum.
 
 
 7
 Watts pleaded to four counts under 18 U.S.C. Sec. 922(g)(1) that were committed in the Northern District of Ohio. The language of the indictment tracks that of the statute and jurisdiction lies within the Northern District of Ohio. 28 U.S.C. Sec. 115(a)(1). Jurisdiction thus does not appear to be an issue in this case and Watts's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 260-67 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c) and the recitation of the factual basis for the plea. The court accurately related the terms of the plea agreement including the penalty to which Watts would be exposed by his plea, the agreed upon sixty months. The sentence meted out, sixty months, is the sentence Watts bargained for and was not the subject of a contemporaneous objection. There does not appear to be any defect in the plea proceedings or sentence.
 
 
 9
 Watts's contentions may be summarized thusly: 1) he was coerced into entering a guilty plea; 2) his trial counsel was ineffective; and 3) the trial court did not comply with Fed.R.Crim.P. 32.
 
 
 10
 Watts's first claim lacks merit. Watts contends that he was "coerced" into pleading guilty by the government's announced intention to seek a sentence enhancement under the ACCA. Watts, however, does not seriously argue or show that he was not legitimately subject to prosecution under the ACCA. In Bordenkircher v. Hayes, 434 U.S. 357 (1978), the Supreme Court recognized that notions of due process were not offended when a prosecutor offers a defendant a choice of pleading guilty to a substantive count without a recidivist enhancement or going to trial facing the substantive count plus any applicable recidivist enhancement. "[B]y tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." Id. at 364.
 
 
 11
 Watts also claims that his trial attorney was ineffective in various ways. The instant record is not adequate to offer meaningful consideration of this claim; this contention must therefore be pursued (if at all) in a collateral proceeding under 28 U.S.C. Sec. 2255. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam); United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982).
 
 
 12
 Finally, Watts claims that the trial court's failure to inquire whether Watts had reviewed the presentence report was a violation of Fed.R.Crim.P. 32 and, thus, reversible error. Rule 32(a)(1)(A) does require a sentencing court to determine that the defendant and his counsel have had an opportunity to read and discuss the presentence report prior to sentencing. The Rule, however, does not require the trial judge to make this determination only through direct questioning of the defendant. Instead, the court may make this determination from reasonable inferences presented by the record. See, e.g., United States v. Stevens, 851 F.2d 140, 143-44 (6th Cir.1988). The record before the court reflects a detailed, mutually beneficial plea agreement from which a sentencing authority could reasonably deduce that Watts and his attorney had an opportunity both to read and to discuss the presentence report. The appeal lacks merit.
 
 
 13
 Accordingly, the motion to expedite the appeal is denied as moot, the motion to withdraw representation is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.