56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Steven M. RENNICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5723.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Steven Rennick appeals from a judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1993, Steven Rennick was convicted after his guilty plea to one count of receiving, possessing, concealing and storing stolen goods which had crossed a state boundary and aiding and abetting the facilitation of that offense, in violation of 18 U.S.C. Secs. 2315, 2. The district court sentenced Rennick to a twenty-four (24) month term of imprisonment. Rennick did not take a direct appeal from this judgment.
 
 
 4
 Rennick subsequently filed a Sec. 2255 motion to vacate in which he challenged his conviction and sentence. The matter was referred to a magistrate judge who conducted an evidentiary hearing and recommended that the motion should be denied. The district court adopted this recommendation, over Rennick's objections, and this appeal followed. The parties have briefed the issues; Rennick is proceeding without benefit of counsel. In addition, Rennick moves for the appointment of appellate counsel.
 
 
 5
 Rennick was named in a multiple-count indictment after law enforcement agents found stolen heavy earth moving equipment on a farm in Estill County, Kentucky, owned by Rennick's wife. Rennick eventually entered into an agreement in which all but one of the counts would be dropped in exchange for his guilty plea to a count of interstate transportation of stolen property. The agreement contains no mention of a possible probated sentence; the parties specifically agreed that there was no agreement as to actual punishment, the maximum exposure being ten years incarceration. At no time either during the rearraignment or the sentencing colloquy did the court mention probation in any way except that Rennick would not be eligible for it. A presentence report was prepared to which Rennick's counsel submitted lengthy, detailed objections. Rennick's case eventually proceeded to sentencing. The district court conducted an extensive colloquy with all counsel and Rennick. Rennick did not object when he, in fact, did not receive a probated sentence.
 
 
 6
 Rennick's motion to vacate contains three grounds for relief: 1) ineffective assistance of trial counsel for failing to fully inform Rennick of the terms of the plea agreement; 2) ineffective assistance of trial counsel for failing to show to or discuss the presentence report with Rennick prior to sentencing, and 3) a violation of Fed. R. Crim. P. 32 at sentencing. The first and second claims center on Rennick's assertion that his trial counsel promised him a probated sentence in exchange for his guilty plea. The matter proceeded to an evidentiary hearing. The magistrate judge determined the first and second claims to be meritless based on the record and the credibility of the witnesses. The third claim was held to be an allegation of technical error that would not support Sec. 2255 relief. The Assistant United States Attorney represents that a transcript of the hearing does not exist.
 
 
 7
 Rennick's pro se appellate brief reflects two steadfast assertions: 1) that the district court committed reversible error at sentencing under Criminal Rule 32, and 2) that the magistrate judge's credibility assessments are inherently erroneous. The claims are patently without merit.
 
 
 8
 The court renders de novo review of decisions granting or denying relief under 28 U.S.C. Sec. 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir. 1992). The specific errors assigned in the present appeal are of a nonconstitutional nature. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, i.e., statutory or other error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2297 (1994); Hill v. United States, 368 U.S. 424, 428 (1962).
 
 
 9
 Rennick vigorously argues that the credibility of a witness for the government, Mr. Amann, and the assessment of that credibility by the magistrate judge, are tainted, unreliable and clearly erroneous. Amann specifically denied having seen Rennick's attorney make a promise to Rennick that his sentence would be probated. Rennick specifically requests a new hearing to relitigate the credibility of the witnesses as his only form of relief.
 
 
 10
 While the legal sufficiency of a motion to vacate may be subject to de novo review, the rule is that "[f]indings of fact anchored in credibility assessments are generally not subject to reversal" on appellate review. United States v. Taylor, 956 F.2d 572, 576 (6th Cir.) (en banc), cert. denied, 113 S. Ct. 404 (1992). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). It is thus manifest that Rennick's appellate insistence on a new trial based solely on an alleged flawed credibility determination lacks merit. This conclusion necessarily disposes of Rennick's first and second claims in his motion to vacate.
 
 
 11
 Rennick also contends that the district court committed a Criminal Rule 32 violation at sentencing and that this violation is grounds for Sec. 2255 relief. Rennick contends that the district court did not inquire of him at sentencing whether Rennick had a chance to review and discuss the presentence report with his attorney, an inquiry mandated by Criminal Rule 32(a)(1)(A) and (C). Rennick could have raised this claim on direct appeal, but he did not take an appeal from his conviction and sentence. A Sec. 2255 motion will not serve as a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). Claims that could have been asserted on direct appeal will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). This requirement applies to one who has pleaded guilty and first asserts a claim for relief in a collateral proceeding. See Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir. 1989) (per curiam). In the present case, Rennick has never offered any explanation or cause for his earlier decision not to pursue a direct appeal. This claim is therefore not properly before this court. In addition, while it must be conceded that the sentencing judge did not make the inquiry in question directly, the rule does not require the trial judge to make this determination only through direct questioning of the defendant. Instead, the court may make this determination from reasonable inferences presented by the record. See, e.g., United States v. Stevens, 851 F.2d 140, 143-44 (6th Cir. 1988). The record before the court reflects a detailed, mutually beneficial plea agreement, detailed objections to the presentence report and otherwise full participation in the sentencing colloquy from which a sentencing authority could reasonably deduce that Rennick and his attorney had an opportunity both to read and discuss the presentence report. This appeal lacks merit.
 
 
 12
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation