51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Juan OVALLE-PEREZ, Defendant-Appellant.
 No. 94-3591.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 1
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Victor Juan Ovalle-Perez, a citizen of the Dominican Republic, appeals his judgment of conviction and sentence entered on his plea of guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. The district court sentenced Ovalle-Perez to 46 months of imprisonment, three years of supervised release, and imposed a $2,500 fine and a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his timely appeal, Ovalle-Perez's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Although invited to do so, Ovalle-Perez has not responded to his counsel's motion.
 
 
 4
 Upon review, we conclude that the district court properly declined to grant Ovalle-Perez's request that it order him committed to the custody of the Immigration and Naturalization Service as the Bureau of Prisons, not the federal courts, has exclusive authority to designate the place of confinement of federal prisoners. 18 U.S.C. Sec. 3621(b); Johnson v. Moore, 926 F.2d 921, 923 (9th Cir.1991). Further, we conclude that the district court properly accepted Ovalle-Perez's guilty plea. The record clearly reflects that Ovalle-Perez knowingly, voluntarily, and intelligently entered his guilty plea. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court explained to Ovalle-Perez the rights he was waiving by pleading guilty and the potential sentence that he faced as a result of the guilty plea. Ovalle-Perez acknowledged his guilt to the crime he committed. The record reflects a full understanding of the direct consequences of his plea so that Ovalle-Perez's plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). We also conclude that the district court did not abuse its discretion by not utilizing a certified interpreter at Ovalle-Perez's guilty plea and sentencing hearings as Ovalle-Perez waived his right to an interpreter. See United States v. Paz, 981 F.2d 199, 200 (5th Cir.1992), cert. denied, 113 S.Ct. 2378 (1993).
 
 
 5
 We have further examined the record in this case, and conclude that no reversible errors are apparent. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation