UNITED STATES of America, Plaintiff,

v.

Guillermo LAZO–HERRERA, Defendant.

No. 94–CR–30006–01–DES.

United States District Court,
D. Kansas.

May 29, 1996.

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for Guillermo Lazo–Herrera.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion to Order the BOP to Comply with their Order.

Mr. Lazo–Herrera requests that the court order the Bureau of Prisons (BOP) to transfer him to a facility near his home. At the time of the defendant's sentencing on July 19, 1995, the court recommended that "the defendant be designated to an appropriate facility as near Miami, Florida, as possible and as in the best interest of the Bureau of Prisons and the defendant."

18 U.S.C. § 3621(b) provides that the BOP shall designate the place of a prisoner's imprisonment. Congress has directed the BOP to consider several factors in selecting a suitable facility, one of which is "any statement

by the court that imposed sentence ... recommending a type of penal or correctional facility as appropriate...." 18 U.S.C. § 3621(b)(4)(B). The final decision as to the prisoner's placement, however, rests with the BOP. 18 U.S.C. § 3621(b); *see also Hernandez v. United States Attorney Gen.,* 689 F.2d 915, 917 (10th Cir.1982); *United States v. Guiro,* 887 F.Supp. 66, 69 (E.D.N.Y.1995). The court is therefore without jurisdiction to order the defendant's transfer.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion to Order the BOP To Comply with their Order is denied.