**UNITED STATES of America,
Plaintiff,**

v.

**Denise ANDREWS, Defendant.**

**No. 03–CV–70107–DT.
No. 02–CR–80435–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 13, 2003.

Stacey Studnicki, Federal Defender's Office, Detroit, MI, for Plaintiffs.

Cynthia J. Oberg, Assistant United States Attorney, Detroit, MI, for Defendants.

## ORDER DENYING DEFENDANT'S "MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 ..."

CLELAND, District Judge.

Pending before the court is Defendant Denise Andrews's "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Request for Emergency Hearing," filed on January 8, 2003. For the reasons set forth below, the motion will be denied.

### I. BACKGROUND

On September 24, 2002, Defendant pleaded guilty to Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344 and 18 U.S.C. § 2, and Identity Theft and Aiding and Abetting, in violation of 18 U.S.C. § 1028 and 18 U.S.C. § 2. Pursuant to her guilty plea, the court sentenced Defendant "to the custody of the United States Bureau of Prison to be imprisoned for a term of 7 months, on each count to be served concurrently." (9/24/02 J. at 2.) The court also made a recommendation to the Bureau of Prisons ("B.O.P.") that Defendant "be placed at a Community Corrections Center." (*Id.*) On November 25, 2002, Defendant began serving her 210–day sentence at the Heartline Community Corrections Center. Nearly a month later, on December 23, 2002, Defendant was notified that she was going to be redesignated to a custodial prison institution. Defendant was to be transferred to a prison within 45 days, but not sooner than 30 days, from the receipt of the December 23, 2002 notice.

The B.O.P.'s stated reason for Defendant's redesignation was a change in the B.O.P.'s classification procedure, "which complie[d] with recent guidance from the U.S. Department of Justice's Office of Legal Counsel (OLC), finding that the term 'community confinement' is not synonymous with 'imprisonment.'" (Ex. C, at-

tached to Def.'s Br.) The notice further stated, "OLC has determined that the Bureau's practice of using [community correction centers] as a substitute for imprisonment contravenes well-established caselaw, and is inconsistent with U.S.S.G. § 5C1.1." (*Id.*) According to Defendant, the new policy changed the "long-standing practice by the BOP to place certain low-risk, nonviolent offenders with short prison terms directly in community confinement centers either acting on its own or to accommodate judicial requests." (Ex. D at 1, attached to Def.'s Br.)

On January 8, 2003, Defendant filed the instant motion requesting an emergency hearing and ultimately requesting that the court vacate her sentence and resentence her.

## II. DISCUSSION

In her motion, Defendant argues that her due process right to be sentenced on the basis of accurate information was violated when the court issued Defendant's sentence.[1] Defendant challenges "the validity of her sentence because it was based upon erroneous information, relied upon by the Court, with respect to the interpretation of [the term 'imprisonment' in] U.S.S.G. § 5C1.1." (Def.'s Br. at p. 6.) The court disagrees and finds that Defendant was not sentenced in violation of the Due Process Clause.

■ Pursuant to the requirements of due process, a defendant who has pled guilty has a due process right to a fair sentencing procedure. *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988). "This right includes the right to be sentenced on the basis of accurate information." *U.S. v. Barrett*, 890 F.2d 855, 865 (6th Cir.1989) (citing *United States v. Rone*, 743 F.2d 1169, 1171 (7th Cir.1984)). A sentence, if within the statutory limits, can be reviewed in a habeas proceeding only "when [it] has been founded 'at least in part upon misinformation of constitutional magnitude'" *U.S. v. Brummett*, 786 F.2d 720, 723 (6th Cir.1986) (quoting *U.S. v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). To prevail on this claim, Defendant must "demonstrate that the disputed information was materially false and that the trial court relied on the information." *Collins v. Buchkoe*, 493 F.2d 343, 345–46 (6th Cir.1974).

■ In this case, the fact that the B.O.P. no longer treats "community confinement" as synonymous with "imprisonment" is not materially false information on which the court relied in making its sentencing determination. First, at the time of Defendant's sentencing, "community confinement" was an available means of imprisonment under the B.O.P.'s practices and policies. The information, therefore, was not then false.[2]

1. In her brief, Defendant goes to great lengths to distinguish her claim from the one raised in *United States v. Jalili*, 925 F.2d 889 (6th Cir.1991), where the Sixth Circuit held that the district court lacked jurisdiction to consider Defendant's habeas claim that the sentencing court lacked jurisdiction to order that his term of imprisonment be served at a community treatment center. In *Jalili*, the Sixth Circuit found that the petitioner's challenge to the place of imprisonment, as opposed to the fact of conviction, was not cognizable under § 2255. Here, Defendant is not challenging the manner in which her sentence is being executed, but is challenging the validity of her

sentence. Accordingly, the principle holding in *Jalili* is inapplicable to Defendant's challenge.

2. Defendant argues that the court departed downward to Zone B of the Sentencing Guidelines, implying that such was necessary to give Defendant a chance at placement in a community corrections center. Defendant's assertion is incorrect. The court did not have to depart downward to impose the sentence that it did. According to the worksheet submitted with "Rule 11 Plea Agreement," Defendant's total offense level was 12 and her criminal history category was I. Thus, she fell

Second, and more importantly, the B.O.P.'s interpretation of "imprisonment" under U.S.S.G. § 5C1.1 was not material to the court's sentencing decision. The court ruled that Defendant be "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 7 months," and provided only a recommendation to the B.O.P. that Defendant be placed in a community corrections center. The B.O.P., as the court was well aware, was free to accept or decline the recommendation. Whether the B.O.P. would accept the court's recommendation was not material, nor even a factor, to the court's sentence of 7 months imprisonment. In any event, even if Defendant could show that the court's *recommendation* to the B.O.P. was based on a purported misunderstanding of the B.O.P.'s policy, she cannot show that her *sentence* was "founded 'at least in part upon misinformation of constitutional magnitude.'" *Brummett,* 786 F.2d at 723. Accordingly, Defendant has not demonstrated that her sentence is invalid under the Due Process Clause.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Request for Emergency Hearing" is DENIED.

within Zone C of the guideline sentencing table, with her guideline sentencing range being 10 to 16 months.

"U.S.S.G. § 5C1.1(d) gives the district court the discretion to sentence [Zone C] defendants either to a term of imprisonment or to a 'split' term of imprisonment and community confinement or home detention ...." *United States v. Butler,* 297 F.3d 505, 517 (6th Cir. 2002). A split sentence is permissible "provided that at least one-half of the minimum term is satisfied by imprisonment." U.S.S.G.

§ 5C1.1(d)(2). In Defendant's case, she was sentenced to 7 months imprisonment and 150 days of home confinement. This sentence was permissible under § 5C1.1(d)(2) and no downward departure was necessary to impose such a sentence. Further, upon review of the sentencing transcript, there is no evidence that the court stated or implied an intention to depart downward. Thus, Defendant has no support for her contention that the court departed downward to Zone B in Defendant's sentencing.