**UNITED STATES of America,**
**Plaintiff–Respondent,**

v.

**Mark JAMES, Defendant–Petitioner.**

**No. CR. 01–50055–01, CIV. 03–40018.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 27, 2003.

Order Denying Motion to Vacate
Sentence Jan. 27, 2003.

Mark C. Jones, Assistant U.S. Attorney, U.S. Attorney's Office, Flint, MI, for U.S.

Kenneth R. Sasse, Federal Defender, Federal Defender Office, Flint, MI, for Mark James.

### *ORDER DENYING TEMPORARY RESTRAINING ORDER*

GADOLA, District Judge.

Before the Court is Defendant–Petitioner's Motion for Temporary Restraining Order ("TRO"), accepted for filing on January 22, 2003. *See* Fed.R.Civ.P. 65(b); E.D. Mich. LR 65.1. The Motion requests a TRO to enjoin the Bureau of Prisons

("BOP") from transferring him from a federal community corrections center to a federal prison. Such a transfer, also known as a re-designation, could occur as early as January 23, 2003. Because of these tight time constraints, no response from the Government was before the Court. For the reasons stated below, the Court will deny the TRO.

## I. BACKGROUND

After Defendant–Petitioner pleaded guilty to manufacturing counterfeit currency, 18 U.S.C. § 471, this Court sentenced Defendant–Petitioner, on May 7, 2002, "to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day." Additionally, the Court made a recommendation to the BOP that Defendant–Petitioner be designated to the Arete Community Corrections Center in Saginaw, Michigan. Nonetheless, the Court ordered Defendant–Petitioner to surrender to whatever institution the BOP designated.

The BOP accommodated the Court's recommendation, and, on July 19, 2002, Defendant–Petitioner reported to the Arete Center to begin serving his sentence. During his time at the Arete Center, Defendant–Petitioner has continued his employment with Consumers Energy, as a gas service worker. He has been employed with Consumers Energy (f.k.a., Consumers Power) since May 1991.

On December 23, 2002, the BOP informed Defendant–Petitioner, via a memorandum, that he is to be re-designated to a prison institution within thirty days of the memorandum. The memorandum gave the following reason for the re-designation: "[The Government] has determined that the [BOP's] practice of using [community corrections centers] as a substitute for imprisonment contravenes well-established caselaw, and is inconsistent with [United States Sentencing Guideline] § 5C1.1."

Defendant–Petitioner has been advised that he will lose his employment if he fails to report to work. Therefore, faced with this eventuality, Defendant–Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on January 15, 2003. Further, Defendant–Petitioner filed the TRO motion on January 22, 2003, in order to preserve the status quo by keeping Defendant–Petitioner at the Arete Center until the Court had the opportunity to rule on the merits of the § 2255 motion.

## II. LEGAL STANDARD

When determining whether to issue temporary injunctive relief, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of the injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunctive relief. *See Marchwinski v. Howard*, 309 F.3d 330, 333 (6th Cir.2002).

## III. ANALYSIS

### A. Strong Likelihood of Success on the Merits

Defendant–Petitioner does not have a strong likelihood of success on the merits. The essence of Defendant–Petitioner's argument in his § 2255 motion is as follows:

1. Based on the Court's understanding of the BOP's erroneous interpretation of the law, the Court imposed a one-year-and-one-day sentence with a recommendation Defendant–Petitioner serve his sentence at a community corrections center in order to allow him to continue working.

2. The information the Court had before it regarding its sentencing options was both legally and factually erroneous. Thus, the Court's sentence of Petitioner

was imposed based upon erroneous information.

3. If the Court had been informed that substitution of community confinement for imprisonment was not a legal option in the present case, there were other sentencing options available to the Court. The Court might well have exercised its discretion to fashion a different sentence.

4. Because of this erroneous information, Defendant–Petitioner's Due Process right to be sentenced upon accurate information has been violated. *See Roberts v. United States,* 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) ("We have ... sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.' " (quoting *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)) (citing *Townsend v. Burke,* 334 U.S. 736, 740–41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948))); *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir.1988)("A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." (citing *United States v. Edwards,* 800 F.2d 878, 880 (9th Cir.1986); *United States v. Rone,* 743 F.2d 1169, 1171 (7th Cir.1984))).

5. Therefore, Defendant–Petitioner requests that the Court vacate his sentence and re-sentence him based upon accurate information.

Defendant–Petitioner's argument is flawed because, as was the situation in the *Stevens* case, this Court did not rely on any false information [1] in passing sentence. *See* 851 F.2d at 143. In imposing the sentence, the Court relied on the sentencing guideline range of twelve to eighteen months of imprisonment. Thus, even if the information concerning the BOP was accurate at the time of sentencing in this case, the outcome would be identical: the Court would have sentenced Defendant–Petitioner to an imprisonment term of one year and one day.

Any wish of the Court that Defendant–Petitioner serve his time at the Arete Center had no impact on the sentence. The judgment only stated that Defendant–Petitioner was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day." The judgment did not say Defendant–Petitioner was committed to the Arete Center, nor could it. It is well established that Congress has given the Bureau of Prisons, and not the federal courts, the exclusive authority to decide where federal prisoners will serve terms of imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons *shall* designate the place of the prisoner's imprisonment." (emphasis added)).[2] The statement in the judgement

---

1. Moreover, any purported misinformation concerning the BOP's designation procedures before the Court was not of a constitutional magnitude. *See Roberts,* 445 U.S. at 556, 100 S.Ct. 1358; *United States v. Andrews,* 240 F.Supp.2d 636 (E.D.Mich.2003) (Cleland, J.) ("[E]ven if Defendant could show that the court's *recommendation* to the B.O.P. was based on a purported misunderstanding of the B.O.P.'s policy, she cannot show that her *sentence* was founded at least in part upon misinformation of constitutional magnitude." (in-

ternal quotations omitted) (emphasis original) (quoting *United States v. Brummett* 786 F.2d 720, 723 (6th Cir.1986) (quoting *Tucker,* 404 U.S. at 447, 92 S.Ct. 589))).

2. *See also United States v. Ovalle–Perez,* 51 F.3d 273, 1995 WL 133623, at *1 (6th Cir. 1995) ("the Bureau of Prisons, not the federal courts, has exclusive authority to designate the place of confinement of federal prisoners.") (citing 18 U.S.C. § 3621(b); *Johnson v. Moore,* 926 F.2d 921, 923 (9th Cir.1991));

concerning the Arete Center was a mere recommendation and was in no way part of the terms of the imprisonment order.[3] The ancillary nature of the Court's Arete Center recommendation is confirmed by the clear statement in the judgment that Defendant–Petitioner surrender to any institution designated by the BOP, whether or not it was the Arete Center. Therefore, Defendant–Petitioner does not have strong likelihood of success on the merits because it is highly unlikely that this Court will vacate the sentence for the reasons advanced in his § 2255 motion. Accordingly, this factor weighs heavily against issuing the TRO.

### B. Irreparable Injury

If Defendant–Petitioner is removed from the Arete Center, it is likely that he will lose his position with Consumers Energy. Defendant–Petitioner argues that this constitutes an irreparable injury. The Court would agree with Defendant–Petitioner if he were to permanently lose his position. However, Defendant–Petitioner has failed to indicate to the Court whether he is likely to regain his position after his term of imprisonment ends, which is scheduled to occur in several months. Thus, the Court is not convinced that Plaintiff would otherwise suffer irreparable injury if the TRO is not issued. Therefore, this factor is a neutral factor.

> *United States v. Jalili*, 925 F.2d 889, 892 (6th Cir.1991) ("Section 3621(b) gives the Bureau of Prisons the power to designate the place of confinement for anyone sentenced to a term of imprisonment.").

**3.** *See Andrews*, at 638. In *Andrews*, the Honorable Robert H. Cleland was faced with a nearly identical situation and held:
> [T]he fact that the B.O.P. no longer treats "community confinement" as synonymous with "imprisonment" is not materially false information on which the court relied in making its sentencing determination....

### C. Substantial Harm to Others

Issuance of the TRO appears unlikely to cause substantial harm to the Government in that it will only be prevented from immediately proceeding with the re-designation process. Thus, this factor weighs in favor of issuing the TRO.

### D. Public Interest

The Court questions whether it even has jurisdiction to issue the proposed TRO. Defendant–Petitioner is asking the Court to enjoin the BOP from transferring him out of the Arete Center. However, § 3621(b) precludes the Court from interfering with such discretionary imprisonment determinations of the BOP. *See United States v. Lazo–Herrera*, 927 F.Supp. 1472, 1473 (D.Kan.1996) ("The final decision as to the prisoner's placement ... rests with the BOP. The court is therefore *without jurisdiction* to order the defendant's transfer.") (emphasis added) (citing 18 U.S.C. § 3621(b); *Hernandez v. United States Atty. Gen.*, 689 F.2d 915, 917 (10th Cir.1982); *United States v. Guiro*, 887 F.Supp. 66, 69 (E.D.N.Y.1995)). The public interest would not be served by the issuance of a TRO that undermines the unquestionable intent of Congress to leave prisoner designation matters in the hands of the BOP. Thus, this factor weighs against issuing the TRO.

> [T]he B.O.P.'s interpretation of "imprisonment" under U.S.S.G. § 5C1.1 was not material to the court's sentencing decision. The court ... provided only a recommendation to the B.O.P. that Defendant be placed in a community corrections center. The B.O.P., as the court was well aware, was free to accept or decline the recommendation. Whether the B.O.P. would accept the court's recommendation was not material, nor even a factor, to the court's sentence of 7 months imprisonment.
>
> *Id.*

## IV. CONCLUSION

Therefore, after balancing all four injunctive relief factors, the Court will not issue the TRO.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant–Petitioner's Motion for a Temporary Restraining Order, filed on January 22, 2003, is **DENIED**.

**SO ORDERED**.

### ORDER DENYING MOTION TO VACATE SENTENCE

Before the Court is Defendant–Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, accepted for filing on January 15, 2003.

For the reasons stated in Section III. A of this Court's Order Denying Temporary Restraining Order in this case,[1] which was issued today, the Court holds that "it plainly appears from the face of the [M]otion ... that [Defendant–Petitioner] is not entitled to relief." R. Govern'g Sec. 2255 Proc'dngs 4(b). Thus, the Court will summarily dismiss the Motion. *See id.; see also* 28 U.S.C. § 2255.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant–Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [docket entry 63] is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that this Court's Order for the Government to file an answer to Defendant–Petitioner's § 2255 Motion, issued on January 21, 2003, is **DISMISSED**.

**IT IS FURTHER ORDERED** that if Defendant–Petitioner desires to seek a certificate of appealability ("COA"), Defendant–Petitioner may file a **MOTION** for a COA within **FOURTEEN (14) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules

of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) ("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*" (emphasis added)). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED**.

---

1. *See also United States v. Andrews,* 240 F.Supp.2d 636 (E.D.Mich.2003) (Cleland, J.).