**Leslie B. COMBS, II, Plaintiff,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, et al.,
Defendants.**

**Civil Action No. 03–622(RBW).**

United States District Court, District of Columbia.

April 17, 2003.

Peter Blumberg, Washington, DC, for Defendants.

Nathan Lewin, Lewin & Lewin, LLP, Washington, DC, for Plaintiff.

### AMENDED MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court on the Defendants' Motion to Dismiss or, in the Alternative for Transfer to the Northern District of Florida. The Court held a hearing on the motion on April 15, 2003, after having held an earlier emergency hearing on March 7, 2003, to address the plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary Injunction. The plaintiff is currently scheduled to report to the Bureau of Prisons ("BOP") on April 18, 2003, to begin serving a six-month term of incarceration, the sentence having been imposed by Judge George C. Smith of the United States District Court for the Southern District of Ohio, Eastern Division, on November 20, 2002. The sentence was imposed following the plaintiff's plea of guilty to the offense of filing a false income tax return in violation of 26 U.S.C. § 7206(1). In addition to the term of imprisonment, Judge Smith also recommended to the BOP that "[t]he defendant be designated to The Dismas House in Dania, FL or any Bureau of Prisons authorized community treatment center in Florida." Complaint, Exhibit 1.

On December 18, 2002, the BOP issued a new policy memorandum that precipitated the filing of the lawsuit in that case. The BOP memorandum characterized

> as 'unlawful,' under any circumstances, the long-established BOP practice of placing inmates in community corrections facilities to serve short terms of imprisonment. Compelled by this memorandum, the BOP has now taken the position that designations of offenders to community confinement to serve sentences of imprisonment are forbidden as a matter of law and therefore beyond its discretion.

*Iacaboni v. United States,* 251 F.Supp.2d 1015, 1016–17 (D.Mass.2003). Initially, the plaintiff filed a complaint on February 20, 2003, in the Southern District of Ohio, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The action sought an order that would require the BOP to permit him to serve his sentence at a community corrections facility. The judge who presided over the Ohio case after the sentencing judge recused himself, found that "[b]ecause plaintiff is complaining about the way in which his sentence is being enforced, to wit, the designated place of confinement, this case is properly filed un-

der 28 U.S.C. § 2241."[1] *Combs v. Fed. Bureau of Prisons,* No. C2–03–152, Order of Feb. 28, 2003 at 2 (footnote omitted) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991)) ("finding that a challenge to the designation of the facility is properly cognizable under § 2241"). The Ohio judge stated that "[a]lthough plaintiff is currently living in Florida and [his] bond is unsupervised, he is technically still in the custody of the Pretrial Services Office in the Southern District of Ohio, as his supervision has not been transferred to pretrial services in Florida." *Id.* at 6. However, the judge concluded that not only had the plaintiff failed to comply with § 2241's requirement that a petitioner name his custodian as a respondent and file his action in a district court that has jurisdiction over the custodian, but the judge also noted that the plaintiff is complaining about a possible future restraint on his liberty and not about any aspect of the current restraint on his liberty under the pretrial services agency's supervision. *Id.* at 6–7. In addition, the judge noted that the plaintiff was required to exhaust his administrative remedies prior to filing a petition for a writ of habeas corpus and that the plaintiff had failed to allege any facts showing that the exhaustion of such remedies would be futile. *Id.* at 7–8. Therefore, the Ohio judge concluded that his court did not have jurisdiction over the plaintiff's action and the plaintiff's case was dismissed without prejudice. *Id.* at 8.

Following the Ohio court's dismissal, on March 6, 2003, the plaintiff filed his lawsuit in this Court again challenging the BOP's new policy on numerous grounds.[2] At this Court's March 7, 2003 emergency hearing on the plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary Injunction, the Court expressed its concerns about whether this case was properly before it and requested that both parties brief the issue on whether the District of Columbia was the proper forum for the plaintiff to pursue his challenges. At the conclusion of that hearing, the plaintiff's counsel noted that the plaintiff was scheduled to report to the BOP on March 10, 2003 and requested that this Court issue a stay of the reporting date that had already been extended by Judge Smith, until this Court could address its jurisdictional concerns. This Court denied the plaintiff's request for an extended stay, but did issue a short stay of the plaintiff's reporting date to allow the plaintiff to seek the same relief for a stay from Judge Smith. Upon being advised by the plaintiff that this Court had scheduled another hearing for April 15, 2003, to address the jurisdictional issue, Judge Smith granted the plaintiff a stay of his reporting date until April 18, 2003.

■■■ While the plaintiff has chosen not to assert a habeas claim in his lawsuit filed in this Court, he concedes in his opposition to the defendants' motion that he could have proceeded under 28 U.S.C. § 2241. Plaintiff's Memorandum of Points and Authorities in Response to Defendants' Motion to Dismiss or in the Alternative for Transfer ("Pl.'s Mem.") at 6. And this Court finds that § 2241 is the appropriate mechanism for the plaintiff to challenge the BOP's new policy memorandum, espe-

---

**1.** The hearing judge noted in footnote 2 of his Order that the plaintiff's complaint also included constitutional claims and claims under the Administrative Procedures Act, but that plaintiff's counsel acknowledged that the action was a § 2241 claim.

**2.** Specifically, the plaintiff asserts violations of the Ex Post Facto, Due Process, and Equal Protection clauses of the Constitution; the constitutional proscription against cruel and unusual punishment; the Administrative Procedures Act; and claims of breach of contract and erroneous construction of several provisions of the United States Code.

cially since the plaintiff has chosen not to seek relief pursuant to 28 U.S.C. § 2255. *See Jalili,* 925 F.2d at 893 ("finding that a challenge to the designation of the facility is properly cognizable under § 2241"). In *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988), the District of Columbia Circuit analyzed § 2241 and stated that "as a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas ... [as it is a] well-settled principle that a specific statute displaces (or, as is frequently said, preempts) more general remedies." *Id.* at 809. (citing *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 834–35, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). The *Chatman–Bey* Court came to this conclusion, noting that "[i]nasmuch as Congress had amended the habeas statute in 1948 to require exhaustion of state remedies ... [i]t would wholly frustrate explicit congressional intent to hold that the [petitioners] could evade this requirement by the simple expedient of putting a different label on their pleadings." *Id.* (citation omitted). Concluding that the plaintiff's claims are most appropriately brought under § 2241, "the law in this circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" *Id.* at 810 (citing *Guerra v. Meese,* 786 F.2d 414, 415 (D.C.Cir.1986)). Here, the plaintiff has named the Attorney General of the United States and the Director of the BOP as the defendants. However, it is clear that neither the Attorney General, nor the Director of the BOP are the custodians of the plaintiff under § 2241. *See McCall v. Swain,* 510 F.2d 167, 175 n. 16 (D.C.Cir.1975) (while persons convicted of offenses against the United States are committed to the custody of the Attorney General, the warden of the penitentiary in which the prisoner is confined, rather than an official in the District of Columbia, is the proper person to be served in habeas

corpus proceedings); *Connally v. Reno,* 896 F.Supp. 32, 35 (D.D.C.1995) (dismissing habeas corpus action brought against the Attorney General and the Director of the BOP). Because the named defendants are not the plaintiff's custodians under § 2241, this Court is compelled to conclude that this jurisdiction is not the appropriate forum to bring the plaintiff's challenge to BOP's new policy.

■ This Court must now decide whether this case should be dismissed or transferred to another federal district court. The Supreme Court's decisions in *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) and *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) are instructive. In *Hensley,* the Supreme Court considered whether an individual who had been released on his own recognizance pending the execution of his sentence is "in custody" within the meaning of the federal habeas corpus statute. 411 U.S. at 345, 93 S.Ct. 1571. The *Hensley* Court noted that "[a]t all times since his conviction petitioner has been enlarged on his own recognizance. While pursuing his state court remedies he remained at large under an order of the state trial court staying execution of his sentence." *Id.* at 346, 93 S.Ct. 1571. In concluding that the petitioner was "in custody" for purposes of § 2241, Justice Brennan stated:

First, he is subject to restraints not shared by the public generally, that is, the obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction. He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense ... Second, petitioner remains at large only by the

grace of a stay entered first by the state trial court and then extended by two Justices of this Court. The State has emphatically indicated its determination to put him behind bars, and the State has taken every possible step to secure that result. His incarceration is not, in other words, a speculative possibility that depends on a number of contingencies over which he has no control. This is not a case where the unfolding of events may render the entire controversy academic. The petitioner has been forced to fend off the state authorities by means of a stay, and those authorities retain the determination and the power to seize him as soon as the obstacle of the stay is removed. The need to keep the stay in force is itself an unusual and substantial impairment of his liberty.

*Id.* at 351–52, 93 S.Ct. 1571. In *Braden,* the Supreme Court was reviewing the Sixth Circuit's reversal of a Kentucky federal district court's decision to entertain a petitioner's habeas corpus challenge to a Kentucky state indictment while he was incarcerated in Alabama following his conviction on Alabama felonies. Justice Brennan initially noted that past precedent "indicat[ed] that the prisoner's presence within the territorial confines of the district is an invariable prerequisite to the exercise of the District Court's habeas corpus jurisdiction." 410 U.S. at 495, 93 S.Ct. 1123. However, he went on to state that "developments since ... have had a profound impact on the continuing vitality of that decision." *Id.* at 497, 93 S.Ct. 1123. Justice Brennan noted in *Braden* that although "the petitioner [was] confined in Alabama ... his dispute [was]

with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances[, Justice Brennan concluded that] it would serve no useful purpose to apply [past precedent] and require that the action be brought in Alabama." *Id.* at 499, 93 S.Ct. 1123. Accordingly, the Supreme Court held that the district court in Kentucky had properly exercised jurisdiction and reversed the Sixth Circuit.

In this case, the plaintiff has sought and has been granted several stays of his reporting date by the sentencing judge and is currently on release pursuant to an unsupervised bond issued by the sentencing judge. Moreover, the plaintiff is currently residing in Florida at his home with the acquiesce of the sentencing judge. Because the plaintiff is at liberty solely at the discretion of the sentencing judge, and the judge at this time is the only authority that can control his pre-detention activity and when the plaintiff's incarceration will commence, this Court concludes that the United States District Court for the Southern District of Ohio has custody of the plaintiff for habeas jurisdiction. Therefore, consistent with the reasoning of *Hensley* and *Braden,* it is only that court, until April 18, 2003, when the plaintiff is currently scheduled to report to the designated BOP facility, which can exercise jurisdiction over the plaintiff's habeas corpus challenge to the BOP's new policy memorandum.[3]

Accordingly, it is, hereby this 17th day of April, 2003.

**ORDERED** that the above-captioned case be **TRANSFERRED FORTHWITH** to the United States District Court for the

---

**3.** This Court notes that every case, except one, identified by the plaintiff or discovered by this Court's own limited research that has addressed the legality of the BOP's new policy memorandum has been the same court that imposed the sentences. *Compare* the following cases decided by the sentencing judge:

*Culter v. United States,* 241 F.Supp.2d 19 (D.D.C.2003) (estopping the BOP from applying new policy to the petitioner utilizing an equitable estoppel analysis due to the affirmative representations by the Probation Office at the sentencing that the BOP would honor the Court's community corrections facility recom-

Southern District of Ohio, Eastern Division.[4]

**SO ORDERED.**

mendation and recognizing that constitutional claims can be brought under both §§ 2241 and 2255); *Iacaboni v. United States*, 251 F.Supp.2d 1015 (D.Mass.2003) (granting petitioners' § 2255 motions and finding that BOP policy violated APA and Ex Post Facto Clause); *Howard v. Ashcroft*, 248 F.Supp.2d 518 (M.D.La.2003) (issuing preliminary injunction due to likelihood of success on APA claims, finding that exhaustion of administrative remedies would be futile, and noting that APA claims were properly considered under § 2241); *Ferguson v. Ashcroft*, 248 F.Supp.2d 547 (M.D.La.2003) (same); *United States v. Andrews*, 240 F.Supp.2d 636 (E.D.Mich.2003) (denying motion to vacate sentence under § 2255, finding no violation of the due process clause and noting that the Court was well aware that it was only providing a recommendation to BOP and that BOP was free to accept or decline the recommendation); *United States v. Herron*, Nos. 03–3039, 02–40056, 2003 WL 272170 (D.Kan. Feb.3, 2003) (denying motion to vacate sentence under § 2255, finding that the defendant was unable to show that any inaccurate information he received was of constitutional magnitude and that the placement of prisoners is in the sole discretion of BOP and that Court only makes recommendations); *United States v. Schild*, Nos. 00–40021, 03–3028, 2003 WL 260672 (D.Kan. Jan.21, 2003) (denying motion to vacate sentence under § 2255, finding that Tenth Circuit law is clear that collateral attack on a sentence must be based on misinformation of a constitutional magnitude and that the court was not operating under any misinformation. Court also considered an Ex Post Facto challenge and initially rejected it as improperly raised under § 2255. However, Court stated that if forced to decide the issue, it would reject the claim because defendant's length of sentence is not changed by the new policy. Rather his conditions of confinement have been altered and this change was possible prior to the modification in BOP's policy and continues to be possible under a variety of circumstances. Accordingly, the Court opined that "[i]t probably lacks constitutional significance for purposes of the ex post facto clause."), *with* only case not decided by sentencing judge: *Ashkenazi v. Attorney General of the United States*, 246 F.Supp.2d 1 (D.D.C. 2003) (granting preliminary injunction finding substantial likelihood of success on the merits on the Ex Post Facto claim). When this matter initially came before it, the Court expressed its reservations about reviewing a case in which the plaintiff sought relief from the imposition of a sentence imposed by another court. While the plaintiff maintains that this Court can exercise jurisdiction over his challenges to the new BOP policy, he is unable to cite to any case other than *Ashkenazi* where a court in this Circuit exercised jurisdiction to consider a challenge to a BOP policy that directly implicates the imposition of a sentence that was imposed by a court in another federal district. Consistent with how seven of these eight challenges to the new BOP policy have been resolved, and for the reasons set forth above, this case is being transferred to the Southern District of Ohio so that the plaintiff can pursue his challenge pursuant to § 2241, or seek to have his sentence vacated pursuant to § 2255.

The Court appreciates the unique circumstances this case presents and understands that there may be an issue about whether the United States District Court for the Southern District of Ohio can exercise personal jurisdiction over an individual (*i.e.*, the Attorney General or the Director of the BOP) who can afford the plaintiff the relief he is requesting under § 2241 (*i.e.*, an order that the BOP not retroactively apply its new policy to the plaintiff's sentence). Therefore, whether relief is available to the plaintiff under § 2241 or whether he must rely on § 2255, are questions this Court cannot address. In any event, this Court finds that the United States District Court for the Southern District of Ohio is the appropriate jurisdiction to entertain the plaintiff's claims.

4. An Order consistent with the Court's Memorandum Opinion was issued on April 15, 2003.